ALBERT WILLIAMS *vs.* JAMES M. RIPLEY, *amicus curiæ.*

PROVIDENCE—DECEMBER 18, 1903.

PRESENT: Stiness, C. J., Tillinghast and Douglas, JJ.

(1)  *Probate Law. Executors and Administrators. Appeals. Decrees.*

In a probate appeal from a decree of the Municipal Court of Providence, cancelling appointment of petitioner as administrator of the estate of X., upon the ground that X. was not a resident of Rhode Island, and had no assets within this State at the time of her death, the jury found "that X. was, at the time of her death, possessed of personal estate in Rhode Island." The court denied entry of decree reversing order of the Municipal Court, on the ground that it did not appear from the finding of the jury that X. left assets in the city of Providence:—

*Held*, that, as the evidence submitted to the jury established the fact that X. left personal estate in the city of Providence, the case came under Gen. Laws cap. 248, § 7, authorizing the Appellate Court to enter such decree as the justice of the case may require.

*Held*, further, that in framing its decree it was the duty of the court to consider not only the verdict of the jury but the facts established by the evidence.

PROBATE APPEAL, on facts set forth in opinion. Heard on petition of appellant for new trial, and granted.

DOUGLAS, J.   The petitioner claims that he is entitled to the entry of a decree revoking an order of the Municipal Court of the city of Providence, which cancelled his appointment as administrator of the estate of Ella A. Townes, deceased.

(1)     Ella A. Townes, who was the mother of the petitioner, died in Stamford, Connecticut, where she resided.   The petitioner, who resides in Providence, was appointed administrator upon her estate by the Municipal Court of this city.   Subsequently, and before the letters of administration had been taken out, it was represented to the court that the intestate was not a resident of Rhode Island and had no assets within this State at the time of her death; and after a hearing the court revoked the appointment and the letters of administration which it had granted.   The petitioner duly appealed from this order, and upon the trial of the case in the Common Pleas Division, the jury found "that Ella A. Townes, intestate, was, at the time of her death, possessed of personal estate in Rhode Island."

Thereupon the petitioner moved for the entry of a decree in ordinary form, reversing the order of the Municipal Court. The presiding judge denied the motion, on the ground that it did not appear from the finding of the jury that the intestate left assets in the city of Providence.   Undoubtedly, if the court was confined to the verdict as a basis for its judgment, the decision was right.   If the intestate left personal estate in some other city or town of the State, the Municipal Court of Providence would not thereby acquire jurisdiction of the subject-matter, and so this jurisdiction did not appear of record; but the evidence submitted to the jury, and upon which their verdict was based, established the fact that the intestate did leave personal estate in the city of Providence; and the case therefore came under the provisions of Gen. Laws cap. 248, § 7, which authorizes the Appellate Court in probate matters to ignore any want of jurisdiction appearing on the face of the papers, if the court from which the appeal was taken in fact had jurisdiction of the subject-matter of the appeal, and also authorizing the Appellate Court in any such matter to enter such decree as the justice of the case may require.   The implication of this statute is irresistible that it is the duty of the

court, in framing its decree, to consider not only the verdict of the jury but also the facts established by the evidence. The issue submitted to the jury in many such cases is only one element of the judgment which the circumstances of the case require.

The decree presented to the court should be amended by the addition of a recital to the effect that it appeared from the evidence in the case that the personal estate left by the intestate in the State of Rhode Island was located in the city of Providence, and as so amended the decree should be entered.

Petition granted, and case remanded to the Common Pleas Division for further proceedings in accordance with this opinion.

*Irving O. Hunt and Borden D. Whiting*, for appellant.
*John Henshaw*, for appellee.